### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. 1:19-CR-242 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| ALVIN HOWELL ) | **OPINION & ORDER** |
| ) | |
| Defendant. | |

Before the Court is Defendant Alvin Howell's Motion to Vacate under 28 U.S.C. § 2255 ("Motion"). **Doc #: 39**. For the following reasons, Howell's Motion is **DENIED**.

## I. Background

In the indictment filed on April 24, 2019, Alvin Howell was charged with one count of being a convicted felon in possession of a firearm in violation of 18 U.S. C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Doc #: 1 at 1–2. On September 9, 2019, Howell entered a guilty plea without a plea agreement. Doc #: 43 at 3, 10. On December 17, 2019, the Court sentenced Howell to 30 months custody with credit for time served, to be followed by three years of supervised release. *See* Doc #: 32.

On June 29, 2020, Howell filed this Motion under 28 U.S.C. § 2255. Doc #: 39. The government filed its response on July 10, 2020. Doc #: 44.

## II. Legal Standard

In accordance with 28 U.S.C. § 2255(a), a prisoner in custody under sentence of a district court may move the court that imposed the sentence to vacate the sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States . . . or is otherwise

1

subject to collateral attack." In order to obtain relief under § 2255, a prisoner must demonstrate a constitutional error, a sentence that exceeds statutory limits, or an error of fact or law "so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III. Discussion

Howell bases his Motion on *Rehaif v. United States,* 139 S. Ct. 2191 (2019), which was decided approximately two months after the indictment had been filed. In *Rehaif*, the Court held that because § 924(a)(2) imposes penalties on anyone who "knowingly violates" § 922(g), the Government must demonstrate that the defendant knew that he possessed both the firearm and the requisite felon status. *See* 139 S. Ct. at 2194.

Howell's Motion consists of three claims. First, Howell challenges his indictment on the grounds that it did not unambiguously charge him with being aware of his prohibited status at the time of the offense. *See* Doc #: 39 at 4. Second, Howell argues that he was actually innocent of the crime as he did not possess this knowledge at the time nor was he a member of a prohibited class. *See* Doc #: 39 at 5. Third, Howell asserts that he received ineffective assistance of counsel as his counsel failed to object to the allegedly defective indictment and encouraged him to plead guilty. *See* Doc #: 39 at 7.

1. **Defective Indictment**

Defective indictments generally do not belong to the class of claims that may be challenged in a § 2255 motion. *See United States v. Smith*, No. 86-3652, 1987 U.S. App. LEXIS 1727, at *2 (6th Cir. Feb. 3, 1987). Instead, challenges to an indictment must be raised on direct appeal or risk being deemed procedurally defaulted if raised for the first time in a § 2255 motion. *See United States v. James*, No. 1:09-cr-202, 2015 U.S. Dist. LEXIS 129162, at *8 (S.D. Ohio

Sep. 25, 2015) ("As none of the arguments concerning a defect in the indictment were raised on direct appeal, they are procedurally defaulted. . . ."); *see also Massaro v. United* States, 538 U.S. 500, 504 (2003); *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). Howell did not raise the issue of the defective indictment at trial, nor has he appealed his claim of a defective indictment prior to this Motion. *See* Doc #: 44 at 3. The Government has furthermore raised procedural default as an affirmative defense to Howell's claim of a defective indictment. *See* Doc. #: 44 at 3; *see also Vanwinkle v. United States*, 645 F.3d 365, 370 (6th Cir. 2011) (noting that the Government must raise procedural default as an affirmative defense).

Howell may overcome the procedural default of his challenge to the indictment by showing one of two excusing factors: actual innocence of the crime, or "cause and actual prejudice to excuse his failure to raise the claims previously." *Bousley v. United States*, 523 U.S. 614, 622 (1998). Cause and actual prejudice may in turn be demonstrated through a showing of ineffective assistance of counsel. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) ("If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available.").

Howell's Motion raises claims of both actual innocence as well as ineffective assistance of counsel in challenging the indictment. As is discussed below, because neither claim is valid on their own merits, Howell has procedurally defaulted his challenge to the indictment.

**2.      Actual Innocence**

Establishing actual innocence requires a petitioner to demonstrate that "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 293, 327–28 (1995)). Actual innocence requires factual innocence as opposed to establishing that the conviction was legally insufficient. *Id.*

Howell asserts two factual bases for his claim of actual innocence. First, Howell argues that he lacked the requisite knowledge of the felon status that *Rehaif* requires for a conviction under § 922(g). *See* Doc #: 39 at 5 ("I did not know that I belonged to a prohibited class, prohibited from possessing firearms."). This claim fails due to a stipulation to which Howell had agreed prior to his guilty plea. The text of the stipulation as originally typed states that "the Defendant had knowledge of this conviction at the time of the allege offense in this case." Doc #: 22 at 1. That statement was then struck out by the parties and replaced by a handwritten statement initialed by Howell, his counsel, and the Assistant United States Attorney. When the insertion is read with the remaining text, the stipulation provides that Howell "knew that he was convicted of a crime punishable under the laws of the State of Ohio by a term of imprisonment exceeding one year." *Id*. Even though this reading removes the explicit stipulation of knowledge of status at the time of the offense, a stipulation of prior felony conviction suffices for a reasonable juror to infer knowledge of felon status for the purposes of a § 922(g) conviction. *See United States v. Raymore*, No. 19-3703, 2020 U.S. App. LEXIS 21625, at *21 (6th Cir. July 13, 2020); *United States v. Ward*, 957 F.3d 691, 696 (6th Cir. 2020); *United States v. Hobbs*, 953 F. 3d 853 (6th Cir. 2020); *United States v. Conley*, 802 Fed. App'x 919, 924 (6th Cir. 2020) (noting that a stipulation of prior felony conviction, while not dispositive of knowledge of status, is "strongly suggestive of it"). Thus, regardless of how this stipulation is read, a reasonable juror could still have concluded that Howell had knowledge of his status at the time of possession, defeating his claim of actual innocence.

Howell also argues that he was actually innocent because he "lack[s] the requisite felon status under federal law which mandates at least one prior conviction in which punishment could have exceeded 12 months." Doc #: 39 at 5. Given that Howell signed and initialed the stipulation

4

that unambiguously indicates that he had previously been convicted of such crimes, *see* Doc #: 22 at 1, a reasonable juror would have concluded that Howell indeed possessed this felon status.

**3.      Ineffective Assistance of Counsel**

In order to establish ineffective assistance of counsel, a petitioner is required to meet two conditions. First, he must demonstrate that the counsel's performance was so deficient that the counsel did not actually perform as counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, he must show that his defense was so prejudiced by the counsel's conduct that it is reasonably probable that the outcome of the case would have been different but for the ineffective assistance. *Id.* at 687, 694. Conclusory allegations that fail to articulate specifically what was deficient about the counsel's actions or how they prejudiced the case are insufficient to sustain a claim of ineffective assistance of counsel on a § 2255 motion. *Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020).

Howell's first claim of ineffective assistance of counsel alleges that his counsel did not object to the defective indictment. *See* Doc #: 39 at 7. At the time of Howell's indictment in April 2019, the holding in *Rehaif* that would establish the knowledge requirement for status was still two months in the future. Especially in the context of § 922(g) claims, a counsel cannot be deemed to have rendered ineffective assistance simply because he has "fail[ed] to predict a new development in the law." *Wilson v. United States*, No. 20-1161, 2020 U.S. App. LEXIS 21603, at *4–5 (6th Cir. July 10, 2020) (citing *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010)).

Counsel's failure to challenge the indictment as insufficient following *Rehaif* also does not establish ineffective assistance of counsel because Howell has not shown that the outcome of

5

the case would have been reasonably probable to differ following such a challenge. Indictments that recite the statutory language of an offense are sufficient when they indicate all of the necessary elements expressly and unambiguously. *See Conley*, 802 Fed. App'x at 922 (discussing *United States v. Hudson*, 491 F.3d 590, 593-94 (6th Cir. 2007)). Following *Rehaif,* indictments charging violation of § 922(g) that fail to differentiate knowledge of possession from knowledge of status have been deemed ambiguous. *See Raymore*, 2020 U.S. App. LEXIS 21625, at *23; *Conley*, 802 Fed. App'x at 923. As the indictment in Howell's case stated only that Howell "did knowingly possess" without distinguishing the two knowledge requirements, it too suffered from this ambiguity. Doc #: 1 at 1.

Nevertheless, an indictment that fails to enumerate all elements of the crime clearly is sufficient as long as "the accused is reasonably informed of the charge made against him so that he can prepare a defense." *Ward*, 957 F.3d at 694 (quoting *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 580 (6th Cir. 2002)). While Howell's counsel did not challenge the ambiguity of the indictment, Howell demonstrated his ability to craft a defense around the element of knowledge of status through his stipulations to either his explicit knowledge or, at a minimum, his past convictions. *See Raymore,* 2020 U.S. App. LEXIS 21625 at *23–24 (upholding an indictment that failed to set forth knowledge of status because the defendant made stipulations of past felony convictions); *Conley*, 902 F. App'x at 923–24 ("[S]tipulation to his prior felony conviction also satisfied the purpose of requiring an indictment to contain all elements of the crime charged."). Because counsel's failure to challenge the indictment as insufficient following *Rehaif* would not have changed the outcome of Howell's defense with any reasonable probability, this claim fails the second prong of the *Strickland* test for ineffective assistance of counsel. *See also United States v. Warren* No. 3:19-cr-080, 2020 U.S. Dist. LEXIS

63759, at *4 (S.D. Ohio Apr. 13, 2020) ("Because there is no substantive merit to Defendant's claim under *Rehaif*, his trial attorney did not provide ineffective assistance of trial counsel in failing to raise that issue.").

Howell also suggests that he received ineffective assistance of counsel from the alleged failure to "raise the fact that I did not know if I belonged to the relevant catagory [sic] of persons barred from possessing a firearm." Doc #: 39 at 7. Given the struck line in the stipulation, it appears that Howell's counsel did indeed raise this issue. *See* Doc #: 22 at 1. Even had he not, the contents of the stipulation would still have allowed a reasonable juror to infer this knowledge of status, and so Howell has failed to demonstrate that the outcome of his case would have differed but for the failure of counsel to raise this argument. *See id.*

Howell's final claim of ineffective assistance of counsel charges that his counsel wrongly "convinced [Howell] to accept a plea agreement for a crime I did not commit." Doc #: 39 at 7. This claim lacks specific factual support for the allegation as it fails to establish how counsel convinced Howell to accept a plea. As a result, the Court can reject this contention as insufficient to sustain the Motion. *See Ushery*, 2020 U.S. App. LEXIS 21840, at *3–4.

Even if Howell had provided specific allegations of his counsel's conduct toward the plea hearing, moreover, the Motion would still be denied. When evaluating a guilty plea under *Strickland,* the convicted defendant must demonstrate a reasonable probability that he only pled guilty due to the counsel's errors. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In making this determination, representations made by the defendant, his counsel, and the prosecutor during the plea hearings "carry a strong presumption of verity" that weigh against claims of ineffective counsel. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

7

The transcript of Howell's plea hearing demonstrates that any errors of counsel cannot be considered the cause of his guilty plea with any reasonable probability. At the plea hearing itself, the Court did not enumerate knowledge of status as one of the elements that the Government would have to prove at trial. *See* Doc #: 43 at 6. However, Howell has not explained how that failure to enumerate the *Rehaif* elements at the plea hearing influenced his guilty plea. *See United States v. Watson*, no. 19-3658, at 6 (6th Cir. July 17, 2020) (citing *Hobbs*, 953 F.3d at 857–58) (noting that a defendant who pleads guilty must demonstrate prejudice from the failure of a district court to explain the knowledge-of-status element). Moreover, the prosecutor at Howell's plea hearing did indicate that the Government's case would have included the showing that Howell had knowledge of his felon status at the time of the offense. *See* Doc #: 43 at 6, 16. Following the prosecutor's listing of this element, Howell affirmed that he had come to his decision to plead guilty voluntarily and that he understood that he was admitting conduct that established his guilt. *See* Doc #: 43 at 16–17. The transcript also indicates that Howell had talked with his lawyer about the Government's evidence to be introduced at trial prior to entering his guilty plea. Doc #: 43 at 7. Given his assertions that he reached this decision voluntarily and had discussed the Government's evidence, Howell has not demonstrated with reasonable probability that but for his counsel's errors, he would have proceeded to trial instead of pleading guilty.

### IV. Conclusion

Howell's claims of actual innocence and ineffective assistance of counsel fail in their own rights, and as a result his claim of a defective indictment remains procedurally defaulted. Howell's Motion to Vacate under 28 U.S.C. § 2255, **Doc #: 39**, is **DENIED**.

**IT IS SO ORDERED.**

    */s/Dan A. Polster    July 27, 2020*
**Dan Aaron Polster**
**United States District Judge**