IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. 1:19-cr-00242 |
| ) | |
| ) | |
| **Plaintiff,** ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| ALVIN HOWELL ) | **OPINION & ORDER** |
| ) | |
| **Defendant.** | |

Before the Court is Defendant Alvin Howell's *pro se* Motion to File an Amended Motion under 28 U.S.C. § 2255 ("Motion"). **Doc #: 49**. For the following reasons, Howell's Motion is **DENIED**.

## I.  Background

In the indictment filed on April 24, 2019, Alvin Howell was charged with one count of being a convicted felon in possession of a firearm in violation of 18 U. S. C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Doc #: 1 at 1–2. On September 9, 2019, Howell entered a guilty plea without a plea agreement. Doc #: 43 at 3, 10.

On June 29, 2020, Howell filed a motion under 28 U.S.C. § 2255 identifying three grounds for relief: a defective indictment; actual innocence; and ineffective assistance of counsel. Doc #: 39. On July 27, 2020, the Court denied Howell's motion with prejudice and certified that no appeal could be made in good faith. Doc #: 47, Doc #: 48. Howell then filed this Motion to Amend on August 5, 2020. Doc #: 49.

## II. Discussion

In the present Motion to Amend, Howell contends that he received ineffective assistance of counsel after his counsel failed to file a motion to suppress evidence of a firearm. Doc #: 49-1 at 2. Howell argues that the firearm was "the fruit of an unlawful search" in violation of the Fourth Amendment and that a motion to suppress would have prevented his indictment. *Id.*

This Court previously dismissed Howell's initial § 2255 motion with prejudice and certified that no appeal could be made in good faith under 28 U.S.C. § 1915(a)(3). Doc #: 48. Ordinarily, a prisoner cannot file a second or successive application for relief without first obtaining authorization from the appropriate court of appeals. 28 U.S.C. § 2255(h). However, even if the district court has already rendered a final judgment on the initial motion, a motion to amend a § 2255 motion is not considered a second or successive motion unless the prisoner has exhausted his appellate remedies. *Clark v. United States*, 764 F.3d 653, 660 (6th Cir. 2014); *see also Moreland v. Robinson*, 813 F.3d 315, 324 (6th Cir. 2016) (noting that a motion to amend a habeas claim is not deemed a second or successive petition if it is filed before the time to appeal the initial dismissal had expired). Although Howell may not appeal the denial of a certificate from this Court, he can still seek a certificate from the Sixth Circuit within sixty days of the final order's entry, September 25, 2020. *See* U.S.C.S. Sec. 2255 Proc. R. 11; Fed. R. App. P. 4(a). As a result, the Court concludes that Howell has not yet exhausted his appellate remedies, and so his motion to amend should not be treated as a second or successive application for relief.

Motions to amend a § 2255 motion are generally governed by the Federal Rules of Civil Procedure. *Clark*, 764 F.3d at 661. While Howell asks this Court to evaluate his motion under Fed. R. Civ. P. 15(a), Doc #: 49 at 1, a prisoner seeking to amend a § 2255 motion following an adverse judgment must instead meet a higher burden: "the requirements for reopening a case

2

established by Rules 59 or 60." *Clark*, 764 F.3d at 661 (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). Rule 59 permits a court to alter judgment for one of four factors: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (quoting *Leisure Caviar*, 616 F.3d at 615). Rule 60 lays out six grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b)(6) is limited to those "unusual and extreme situations where principles of equity *mandate* relief" despite the public policy in favor of the finality of judgment. *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)).

Howell provides no explanations for his failure to raise his present argument in the initial § 2255 motion. As a result, the Court concludes that under Rules 59 and 60, Howell may amend his motion only if it is necessary to prevent injustice or inequitable treatment. Because a successful § 2255 motion would provide grounds to vacate Howell's sentence, the Court proceeds to evaluate the merits of his amendment.

In order to establish ineffective assistance of counsel, a petitioner is required to meet two conditions. First, he must demonstrate that the counsel's performance was so deficient that the counsel did not actually perform as counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, he must show that his defense was so prejudiced by the counsel's conduct that it

3

is reasonably probable that the outcome of the case would have been different but for the ineffective assistance. *Id.* at 687, 694.

When the ineffective assistance concerns a motion to suppress over alleged Fourth Amendment violations, the movant establishes prejudice upon demonstrating both that the Fourth Amendment claim is meritorious and that the outcome of the case would have reasonably differed had the evidence been suppressed. *See Ray v. United States*, 721 F.3d 578, 762 (6th Cir. 2013) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). If the counsel's decision not to bring the suppression motion was reasonable or the motion would have otherwise been meritless, counsel's assistance cannot be considered ineffective. *See Hendrix v. Palmer*, 893 F.3d 906, 922 (6th Cir. 2018) (quoting *Premo v. Moore*, 562 U.S. 115, 124 (2011)) ("For such a failure to constitute deficient performance, the meritorious nature of the motion must be so plain that 'no competent attorney would think a motion to suppress would have failed.'"); *Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (quoting *United States v. Tisdale*, 195 F.3d 70, 73–74 (2d. Cir. 1999)) ("[T]rial counsel's failure to bring a meritless suppression motion cannot constitute ineffective assistance."). If a plaintiff cannot establish that he was prejudiced by the failure to bring the suppression claim, a court need not determine whether counsel's performance was deficient. *See Walker v. United* States, No. 3:08-CR-67-TAV-HBG, 2015 U.S. Dist. LEXIS 191648, at *7–8 (E.D. Tenn. Aug. 10, 2015) (citing *United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006)).

Howell has not established that he was prejudiced by counsel's failure to bring the suppression claim. Howell's sole argument for why this search should have been deemed unconstitutional is that it was "an impossibility given the circumstances" that the police could have seen the firearm "'under the seat' of the vehicle" and hence no probable cause existed. Doc

49-1 at 2. Howell provides no factual support for his conclusion that it was impossible for the officer to see the gun, nor does he raise any theories suggesting why probable cause for a search could not have existed otherwise. Such a conclusory statement or blanket assertion does not establish any grounds on which counsel could have filed a meritorious motion to suppress, and Howell accordingly has not demonstrated that he was prejudiced by counsel's failure to file such a motion. *See James v. United States*, No. 2:05-CR-25, 2019 U.S. Dist. LEXIS 147043, at *21 (E.D. Tenn. Aug. 29, 2019) (concluding that counsel acted reasonably in not filing a motion to suppress when the petitioner failed to offer any factual basis for a challenge to probable cause); *Walker*, 2015 U.S. Dist. LEXIS 191648, at *7–8 (concluding that no legitimate basis existed for counsel to challenge a stop and search when the petitioner merely alleged that a full copy of the police report would have surely demonstrated a lack of probable cause); *see also Navarro v. United States*, 381 F. Supp. 3d 924, 929–31 (M.D. Tenn. 2019) (emphasizing that counsel was not ineffective for failing to file a meritless suppression motion when the facts admitted by the petitioner in his plea agreement clearly established probable cause for the search); U.S.C.S. Sec. 2255 Proc. R. 2(b) (requiring a § 2255 motion to "state the facts supporting each ground.").

### III. Conclusion

Because Howell's new claim fails to demonstrate ineffective assistance of counsel, amendment of the original motion is not required to prevent injustice or inequitable treatment. As a result, Howell's Motion to Amend, **Doc #: 49**, is **DENIED**.

**IT IS SO ORDERED.**

            */s/Dan A. Polster August 10, 2020*
            **Dan Aaron Polster**
            **United States District Judge**