IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff** ) | CASE NO. 1:19-CR-242 |
| ) | |
| ) | JUDGE DAN A. POLSTER |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **ALVIN HOWELL,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM

Before the Court is Defendant Alvin Howell's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) for Immediate Release Due to COVID-19 Circumstances, **Doc ##: 46 and 56**. For the foregoing reasons, Howell's motion is **DENIED**.

### I. Background

On December 17, 2019, Defendant Howell was sentenced to 30 months of imprisonment after pleading guilty to a one count indictment for felon in possession of a firearm and ammunition. Howell is currently held at FCI Cumberland and has a release date of February 13, 2022.[1] Howell suffers from asthma, ADHD, PTSD, and is a former smoker. He asks the Court to release him immediately due to the fact that these medical conditions have life threatening consequences if he were to test positive for COVID-19. On November 13, 2020, the Government filed a response in opposition. Doc #: 60. Defendant filed his reply on November 17, 2020. Doc #: 61.

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Nov. 19, 2020).

1

## II. Discussion[2]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A. Extraordinary and Compelling Reasons

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *See Hardin,* 2020 U.S. Dist. LEXIS 90855*, at \*5-6; see also United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020) ("district courts have full discretion in the interim to determine whether an "extraordinary and compelling" reason justifies compassionate release...").

The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19.[3] Howell suffers from asthma, a medical condition that may pose an increased risk for severe illness from COVID-19. Therefore, the Court finds that Howell satisfies the first prong of the "extraordinary and compelling reasons" test.

---

[2] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. Howell has satisfied the exhaustion requirement.

[3] People of Any Age with Underlying Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 19, 2020).

Howell, however, fails the second prong of the "extraordinary and compelling reasons" tests. To date, 1 inmate and 3 staff are currently positive for COVID-19, and 7 inmates have since recovered at FCI Cumberland.[4] The Court notes that it is not unsympathetic to Howell's position. His fears regarding confinement are undoubtedly legitimate. However, the existence of a pandemic does not authorize the undersigned to usurp the BOP's authority and empty prisons, especially where the facility has not been severely impacted by the outbreak. *See United States v. Brown*, No. 5:18 CR 111, Doc #: 48 at 3 (N.D. Ohio May 21, 2020).

**B. Other Relevant Elements**

Because Howell fails the "extraordinary and compelling reasons" test, the Court need not determine 1) whether he poses a danger to others should he be released or 2) whether reduction is appropriate considering the § 3553(a) sentencing factors, pursuant to 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a). *See Hardin*, No. 1:19 CR 240. However, the Court notes that Defendant's criminal history began when he was 18 years old, and he was given multiple chances on probation which were repeatedly violated, oftentimes in cases involving firearms.

### III. Conclusion

For the above reasons, Howell's Motion, **Doc ##: 46 and 56**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster November 23, 2020*
**Dan Aaron Polster**
**United States District Judge**

---

[4] COVID-19 Coronavirus, Federal Bureau of Prisoners, https://www.bop.gov/coronavirus/ (last visited Nov. 23, 2020). While the Court recognizes that there have been 20 positive tests COVID-19 at FCI Cumberland, 16 people has recovered as of November 23, 2020.

3